## Lt. John SIMONEAU

v.

**Bernard E. GANNON, individually, and in his capacity as Chief of Police and the City of Providence.**

No. 94–291–M.P.

Supreme Court of Rhode Island.

June 3, 1994.

Arlene Violet, Barrington.

John D'Amico, Jr., Providence.

## ORDER

This matter came before the court on a petition for writ of certiorari filed by plaintiff John Simoneau. In February 1994 Simoneau filed a multi-count complaint in Superior Court seeking injunctive relief to prevent the Providence police chief from requiring him to submit to a psychiatric examination. A Superior Court justice, ruling on one count of that complaint, concluded that the chief lacked the authority to require the examination, and he therefore, granted Simoneau's prayer for a preliminary injunction without reaching the remaining counts of the complaint. The city and police chief promptly petitioned this court for a writ of certiorari to review the Superior Court order, and on April 6, 1994, we granted the petition, quashed the order granting injunctive relief, and indicated that the police chief may require Simoneau to submit to the psychological evaluation. (*Lt. John Simoneau v. Bernard E. Gannon*, 641 A.2d 1323, (1994))

Simoneau thereafter returned to the Superior Court and requested that his complaint for preliminary injunction be set down for hearing on the remaining, and as yet undecided, counts in his complaint. The trial justice, however, declined to proceed, apparently construing this court's April 6, 1994 order as prohibiting him from further considering Simoneau's complaint. Simoneau then filed the instant petition for writ of certiorari seeking an order instructing the trial justice

to proceed to hear the remaining counts of his complaint.

After carefully considering the memoranda filed by the parties, we hereby direct that the following order shall enter:

1. Since certiorari is inappropriate in light of the relief sought by petitioner, we hereby treat the petition for writ of certiorari as a petition for writ of mandamus, and we direct that the trial justice proceed to hear the remaining counts contained in the petitioner's complaint for injunctive relief.

2. It is hereby directed that petitioner Simoneau pay forthwith the expenses of any psychiatric appointments which have been cancelled as a result of this litigation.

3. The scheduling of any further psychological evaluation is stayed pending further order of the trial justice following hearing on the remainder of Simoneau's complaint for injunctive relief.

SHEA, J., did not participate.